**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**Proceeding Memorandum/Order**

**In Re:** Moreno v. Property Asset Management Inc.　　　**Case/AP Number** 09-01378 **-FJB**

**Chapter**

#2 Motion of Plaintiff for Preliminary Injunction, Temporary Restraining Order and Reinstatement of Automatic Stay

**COURT ACTION:**

#2　　　Hearing held

_____Granted　　　_____Approved　　　_____Moot

_____Denied　　　_____Denied without prejudice　　　_____Withdrawn in open court

_____Overruled　　　_____Sustained

_____Continued to_____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order　　　_____Released　　　_____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

For the reasons set forth on the record, except as stated herein the motion under Rule 7065 is denied without prejudice to renewal in the event the automatic stay is again lifted. Pursuant to Rule 9024 (FRCP 60(b)(1)) the Court hereby finds that Debtor's bankruptcy counsel's failure to object to the Defendant's motion for relief on the grounds of lack of standing was a mistake and the Court vacates its earlier order granting relief from the stay. The Court schedules an evidentiary hearing for January 7, 2010, at 2:00 pm on the underlying motion for relief from stay. At the evidentiary hearing, the only issue shall be the standing of the movant to seek relief from the stay, all other issues under 11 U.S.C. sect. 362(d) are deemed established. The parties are directed to confer and to agree on a briefing schedule with respect to the hearing. The Defendant may reschedule the foreclosure sale for a date subsequent to the evidentiary hearing date. The Debtor/Plaintiff shall make any and all property insurance and tax payments that may come due during this time.

IT IS SO ORDERED:

_/s/ Frank J. Bailey_　　　Dated: 12/7/09

Frank J. Bailey
United States Bankruptcy Judge