UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>    Simeon Moreno,<br><br>                    Debtor | Chapter 13<br><br>Case No. 08-17715-FJB |

## DEBTOR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Debtor, Simeon Moreno (hereinafter "Debtor" or "Moreno") herewith submits his proposed findings of fact and conclusions of law for the evidentiary hearing held on April 8, 2010 concerning the Motion for Relief From Stay filed by Property Asset Management, Inc. (hereinafter "PAM" or the "Moving Party").

## I.    Proposed Findings of Fact

1.    PAM filed the instant motion as "secured creditor." See PAM's Mot. for Relief From Stay dated Mar. 31, 2009, ¶ 20 ("The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents."). In its motion, PAM does not assert it is filed on behalf of any other person or name any other person that may be entitled to relief. See id., pp. 1-7.

2.    PAM has never filed a Proof of Claim in this case.

3.    The only Proof of Claim filed concerning the loan at issue for this stay relief motion is one filed by Litton on behalf of Lehman Brothers Holdings, Inc. (hereinafter "Lehman"). See Litton Proof of Claim 2-1.

4.    Lehman has not intervened as a party in these proceedings.

5.      PAM has not joined Lehman as a necessary party in these proceedings.

6.      On January 23, 2007 Moreno executed a Note payable to GE Money Bank in the amount of $492,000. <u>See</u> PAM's Trial Exhibits, Exh. 3 (hereinafter the "Note").

7.      The Note contains an endorsement signed by GE Money Bank payable to order with the name of payee left blank.

8.      There was no evidence presented at the hearing that Moreno had defaulted under the terms of the Note. <u>See</u> tr. dated April 8, 2010.

9.      PAM submitted evidence that on April 30, 2008, Aurora Bank FSB fka Lehman Brothers Bank FSB was the owner of the Note. <u>See</u> Aff. of Lehman Brothers Holdings, Inc. dated April 6, 2008[1] (hereinafter "Drosdick Affidavit"), ¶ 5 (on September 19, 2007 "loan" "transferred" to Aurora Bank FSB fka Lehman Brothers Bank FSB), ¶ 8; tr. dated April 8, 2010.

10.      On January 23, 2007, Moreno gave a Mortgage to secure the Note. The Mortgage states that it is granted to Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") that MERS is the "mortgagee" but that MERS is "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns." <u>See</u> PAM's Trial Exhibits, Exh. 2 (hereinafter the "Mortgage"), p. 1, Def. (C).

11.      "Lender" is defined as GE Money Bank in both the Mortgage and the Note. <u>See</u> Mortgage, p. 1, Def. (D); Note, ¶ 1.

12.      The Mortgage is only security for the underlying obligations and rights to payment in the Note; it does not provide any independent right to payment. <u>See</u> Mortgage.

13.      The Note makes no reference to MERS. <u>See</u> Note.

---

[1] This Affidavit was admitted into evidence at the hearing.

14.     MERS received no right to payment or any economic benefit under the Note or the

Mortgage. See Mortgage; Note.

15.     On April 30, 2008, MERS executed a document purporting to assign the Note and

Mortgage to PAM. See PAM's Trial Exhibits, Exh. 4; tr. dated April 8, 2010 (testimony of

Denise Bailey); Aff. of Denise Bailey dated April 1, 2010 (hereinafter "Bailey Affidavit"), ¶ 10. [2]

16.     PAM claims this was a valid assignment and that it currently holds the Mortgage. See

Bailey Affidavit, ¶¶ 10-11; tr. dated April 8, 2010 (testimony of Denise Bailey).

17.     There is no evidence in the record that Aurora Bank FSB fka Lehman Brothers Bank FSB

authorized MERS to assign the Mortgage to PAM on April 30, 2008 such as by power of

attorney. See tr. dated April 8, 2010.

LOCATION OF NOTE

18.     On the day of trial, the original Note was in the custody of the law firm of Prince Lobel

Glovsky and Tye LLP (hereinafter "Prince Lobel") on behalf of and for the benefit of *Lehman* as

*Lehman's* attorney. See Drosdick Aff., ¶ 8 ("The original Note is currently in the custody of

Prince Lobel Glovsky & Tye, *in its capacity as attorney for LBHI*.")(emphasis added); tr. dated

April 8, 2010 (Drosdick testimony).

19.     Lehman had possession of the original Note and continued to exercise control over it

while it was in Prince Lobel's custody. See tr., April 8, 2010 (testimony by witness Scott

Drosdick); Drosdick Aff., ¶ 1 (Drosdick is Vice President at Lehman).

---

[2] This Affidavit was admitted into evidence.

20.     PAM has never been transferred any rights in the Note and is not the holder of the Note.

See Drosdick Aff.; Bailey Aff., tr. dated April 8, 2010.

21.     MERS is nothing more than a digital tracking service for the mortgage industry. See

Drosdick Aff., ¶ 6 (describing MERS as performing digital loan tracking service); Bailey Aff., ¶¶

2-4 (same).

22.     PAM is a wholly owned indirect subsidiary of Lehman. See Drosdick Aff., ¶ 3.

23.     Prior to the Debtor's bankruptcy filing, PAM sought to foreclose the Mortgage in its own

name and not in a representative capacity for Lehman. See PAM's Trial Brief dated April 6,

2010, p. 3 and Exh. D (PAM's Complaint to Foreclose in the Massachusetts Land Court).[3]

24.     Lehman has never been assigned the Mortgage. See tr. dated April 8, 2010 (no evidence

submitted at hearing that Lehman ever was assigned the Mortgage).

## II.     **Proposed Conclusions of Law**

### A.     **PAM has the burden of establishing its standing to obtain relief.**

1.     A challenge to a party's standing is a challenge to the Court's subject matter jurisdiction.

See Donahue v City of Boston, 304 F.3d 110 (1st Cir. 2002).

2.     An objection to subject matter jurisdiction is not waivable and may be raised at any time,

even on appeal. See Barrett ex rel. Estate of Barrett v U.S., 462 F.3d 28, 38 (1st Cir. 2006), cert.

denied, 550 U.S. 936 (2007).

3.     "In order for a federal court to exercise jurisdiction over a matter, the party seeking relief

must have standing to sue." Kardules v City of Columbus, 95 F.3d 1335, 1346 (6th Cir. 1996).

---

[3] The Court takes judicial notice of this fact.

4.      Defective standing cannot be cured by substitution of the real party in interest. See <u>Zurich</u> <u>Ins. Co. v Logitrans, Inc.</u>, 297 F.3d 528 (6th Cir. 2002).

5.      The party invoking federal jurisdiction bears the burden of establishing standing when it is challenged, <u>see</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992); <u>Warth v Seldin</u>, 422 U.S. 490, 498 (1975), including on motions for stay relief in bankruptcy court, <u>see</u> <u>In re Wilhelm</u>, 407 B.R. 392, 400 (Bankr.D.Idaho 2009)("As applied in the stay relief context, movants bear the burden of proof on standing, in addition to the other elements necessary to obtain relief"); <u>In re Kowalsky</u>, 235 B.R. 590 (Bankr.E.D. Tex. 1999).

   **B.      <u>In order to establish standing, PAM must show it has both (1) constitutional standing; and (2) prudential standing.</u>**

6.      A movant for relief from stay must show that it has both constitutional standing under Article III to invoke the federal subject matter jurisdiction of the court and prudential standing for the exercise of that jurisdiction. <u>See</u> <u>Bennett v Spear</u>, 520 U.S. 154, 162 (1997); <u>Zurich</u> at 531; <u>In re La Sierra Fin. Servs.</u>, 290 B.R. 718, 726 (9th Cir. B.A.P. 2002); <u>In re Newcare Health Corp.</u>, 244 B.R. 167, 170 (1st Cir. B.A.P. 2000),  <u>In re Hayes</u>, 393 B.R. 259, 266 (Bankr.D.Mass. 2008); <u>In re Wilhelm</u>, 407 B.R. 392 (Bankr.D.Idaho 2009); <u>In re Sheridan</u>, Case No. 08-20381, 2009 WL 631355 (Bankr.D.Idaho Mar. 12, 2009).

         **1.      Constitutional Standing**

7.      Constitutional standing requires an injury in fact, i.e., an invasion of the party's judicially cognizable interest, <u>see</u> <u>In re Sheridan</u>, Case No. 08-20381, 2009 WL 631355 (Bankr.D.Idaho Mar. 12, 2009); prudential standing requires that the party's assertions fall within the zone of interest protected by the statute and that the party is only asserting own rights and not those of another, <u>see</u> <u>id.</u>

5

8.      To establish constitutional standing a litigant must show an injury in fact (an invasion of

a legally protected interest) that is (a) concrete and particularized, i.e. affecting the litigant in a

personal or individual way; (b) actual or imminent, i.e. not conjectural or hypothetical; and (c)

fairly traceable to the opposing party's behavior, i.e., causally connected to the opposing party,

and likely to be redressed by a favorable ruling. <u>See</u> U.S.Const. Art. III, § 2; <u>Lujan</u> at 560-61;

<u>Zurich</u> at 531.

9.      The question for constitutional standing is whether the case is "justiciable," i.e., whether

the party seeking relief from the Court has a "case" or "controversy" with the defending party.

<u>See</u> <u>In re Newcare Health Corp.</u>, 244 B.R. 167, 170 (1st B.A.P. 2000).

10.     The requirement for Article III standing under the U.S. Constitution cannot be modified

or abrogated by the legislature. <u>See</u> <u>Bennett v Spear</u>, 520 U.S. 154, 162 (1997).

11.     It also cannot be altered by the courts. <u>See, e.g.,</u> 28 U.S.C. § 2072(b)(Rules of Court may

not "abridge, enlarge, or modify any substantive right.").

## 2.      Prudential Standing

12.     Apart from constitutional requirements, prudential standing imposes additional

limitations on the class of persons who may invoke a federal court's jurisdiction. <u>See</u> <u>In re</u>

<u>Newcare</u> at 170.

13.     By self-imposed limitations, the federal judiciary requires a party before it to be the

proper party to assert a claim for relief. <u>See</u> <u>Bennett</u> at 162 (1997); <u>In re Wilhelm</u> at 398.

14.     An analysis of prudential standing includes a determination as to whether the party before

the Court is acting as the real party in interest under Rule 17 of the Federal Rules of Civil

Procedure. <u>See</u> Fed.R.Civ.P. 17(a)("an action must be prosecuted in the name of the real party in interest"); <u>See, e.g.</u>, <u>In re Wilhelm</u> at 398.

15.     Rule 17 expresses the requirement under prudential standing that a litigant is seeking to protect his own legal rights (rather than those of a third party) and that the action falls within the zone of interests protected by the law invoked. <u>See</u> <u>Ramirez v. Sanchez Ramos</u>, 438 F.3d 92, 98 (1st Cir. 2006); <u>In re Sheridan,</u> Case No. 08-20381, 2009 WL 631355 (Bankr.D.Idaho Mar. 12, 2009); <u>In re Hayes</u>, 393 B.R. 259, 267 (Bankr.D.Mass. 2008).

16.     In general, the factors militating against standing concern whether the party (1) asserts rights and interests of a third party rather than his own; (2) presents a claim falling outside the zone of interest protected by the law invoked; and (3) advances abstract theories of wide public significance more appropriate addressed by the legislature. <u>See</u> <u>In re Hayes</u> at 267 (citing <u>In re Shamus Holdings, LLC</u>, Case No. 07-14572-JNF, 08-1030, 2008 WL 3191315 (Bankr.D.Mass. Aug. 6, 2008) and <u>In re Newcare</u> at 170).

17.     A party that asserts a right purely derivative of another party's rights does not have real party in interest standing. <u>See</u> <u>In re Hayes</u> at 267 (citing and quoting <u>In re Refco, Inc.</u>, 505 F.3d 109, 115 n. 10 (2nd Cir. 2007).

18.     On a motion for relief from stay a party can establish that it is the real party in interest by showing that it: (1) has a pecuniary interest in the case; (2) is entitled to payment from the debtor; and (3) has the ability to enforce the security for such payment. <u>See</u> <u>In re Sheridan,</u> Case No. 08-20381, 2009 WL 631355 (Bankr.D.Idaho Mar. 12, 2009). <u>See also</u> <u>In re Wilhelm</u>, 407 B.R. 392 (Bankr.D.Idaho 2009).

**C.    PAM does not have constitutional standing because it has not been injured.**

19.    To establish constitutional standing a litigant must show an injury in fact (an invasion of a legally protected interest)

**1.    Because PAM has no right to payment, it does not have an injury required for standing under Article III of the U.S. Constitution.**

20.    In this case, PAM has no right to any payments under the Note (or Mortgage), or any beneficial ownership interest in them whatsoever. See Find. of Fact, ¶¶ 6, 10, 12, 20; Note; Mortgage.

21.    It merely claims to be the holder of the Mortgage via an assignment executed by MERS. See Find. of Fact, ¶ 16.

22.    A party that claims to be the holder of a security interest for a debt owed to someone else fails to show injury required for constitutional standing. See In re Newcare Health Corp., 244 B.R. 167 (1st Cir. B.A.P. 2000)(where indenture trustee of Bond issue that had not filed Proof of Claim owned security given by Debtor but was asserting rights in the underlying debt that were owned by a separate entity, no standing existed for turnover of cash collateral);

23.    Because PAM has failed to submit any evidence that it suffered any injury, it does not have the minimum requirements for standing, i.e., injury in fact, under Article III of the U.S. Constitution. See U.S.Const., Art. III, § 2; In re Wilhelm at 398 (in order for movant on stay relief motion to show constitutional standing, it must show that it has an interest in the note and that it has been injured by the debtor's conduct which may be done "presumably through a default on the note."); In re Sheridan, Case No. 08-20381, 2009 WL 631355 (Bankr.D.Idaho Mar. 12, 2009)(where no right to payment under Note, no standing to bring stay relief motion to

foreclose); cf. In re Hayes, 393 B.R. 259 (Bankr.D.Mass.2008)(movant lacked standing on stay

relief motion because note had not been transferred to it so had no rights of its own to assert);

Landmark Nat'l Bank v Kesler, 216 P.3d 158, 166 (Kan. 2009)(MERS is not necessary party to

foreclosure action as a named "mortgagee" in the mortgage where it received no economic

benefit from the loan); Zurich at 531 (where insurance company filed subrogee action but was

not the insurance company that had paid any claims to an insured, it failed to show injury

required for constitutional standing).

> **2.      Because PAM has submitted no evidence of the Debtor's default under the Note, PAM has not shown any injury required for standing under Article III of the U.S. Constitution.**

24.      Whether a borrower has defaulted under a home loan is relevant to whether a party

seeking to foreclose has suffered any injury and has standing to seek the relief requested.

25.      For this reason, PAM had the burden of proof to establish a default under the Note. See

In re Wilhelm at  400 ("As applied in the stay relief context, movants bear the burden of proof on

standing, in addition to the other elements necessary to obtain relief").

26.      PAM submitted no evidence that Moreno defaulted under the terms of the Note. See

Find. of Fact, ¶ 8.

27.      Because PAM did not present any evidence that Moreno defaulted on any payments, it

failed to show any injury traceable to conduct of the Debtor as required for  constitutional

standing under Article III. See U.S.Const., Art. III, § 2; In re Wilhelm at 398 (in order for

movant on stay relief motion to show constitutional standing, it must show that it has an interest

in the note and that it has been injured by the debtor's conduct which may be done "presumably

through a default on the note.");

28.     Because there is no injury shown in this case, it is unnecessary to determine whether

PAM has prudential standing or is a "real party in interest" under Rule 17, because the

limitations of this Court's subject matter jurisdiction under Article III cannot be expanded by any

analysis of the federal judiciary's self-imposed prudential limits to the exercise of that

jurisdiction.  See 28 U.S.C. § 2072(b)("[Rules of Court] shall not abridge, enlarge, or modify any

substantive right.")(cited by Zurich at 531); Zurich at 531 (defect in constitutional standing

cannot be remedied by substitution of real party in interest under Rule 17 of the Federal Rules of

Civil Procedure); Bennett at 162 (The requirement for Article III standing under the U.S.

Constitution cannot be modified or abrogated by the legislature).

29.     For the reasons that follow, even if PAM had constitutional standing it still would have

no prudential standing as a real party in interest under Rule 17.

> **D.     PAM does not have prudential standing to foreclose because it cannot enforce the Note and no pecuniary interest in the loan.**

30.     On a motion for relief from stay a party can establish that it is the real party in interest by

showing that it: (1) has a pecuniary interest in the case; (2) is entitled to payment from the

debtor; and (3) has the ability to enforce the security for such payment. See In re Sheridan, Case

No. 08-20381, 2009 WL 631355 (Bankr.D.Idaho Mar. 12, 2009). See also In re Wilhelm, 407

B.R. 392 (Bankr.D.Idaho 2009).

> **1.     Because PAM cannot enforce the Note it does not have prudential standing.**

31.     For a party seeking relief from stay to foreclose to have prudential standing as the real

party in interest and show that its claim is within the zone of interest protected by the state's

foreclosure laws, it must show that it is entitled to enforce the Note. See, e.g., In re Wilhelm at

398; In re Jacobson at 367 ("Generally, a party without the legal right under applicable

substantive law to enforce the obligation at issue . . . .lacks prudential standing.")(quoted by In re Wilhelm at 398).

### a.    PAM cannot enforce the Note because it does  not possess the Note.

32.    Whether a party may enforce a promissory note is determined by the state's substantive law under the Uniform Commercial Code. See  In re Wilhelm at 401 (Because bankruptcy law does not provide for enforcement of promissory notes, whether party can enforce note is determined by reference to state Uniform Commercial Code); In re Jacobson at 366; see also In re Samuels, 415 B.R. 8, 20 (Bankr.D.Mass. 2009)(Bailey, J.)(to determine if trust had standing to seek relief from stay, analyzed whether it could enforce the note under the UCC).

33.    The Note in this case is a negotiable instrument under the Uniform Commercial Code. Compare Note with Mass.Gen.Laws ch. 106, § 3-104 (definition of negotiable instrument).

34.    The person entitled to enforce a Note is:

(i) the holder of the instrument;

(ii) a nonholder in possession of the instrument who has the rights of a holder; or

(iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section § 3-309 or subsection § 3-418(d).

See Mass.Gen.Laws ch. 106, § 3-301 (hereinafter "Section 3-301").

35.    A "holder" of a negotiable instrument  "means the person in possession if the instrument is payable to bearer." Mass.Gen.Laws ch. 106, § 1-201(20).

36.    Because the Note in this case is payable to bearer, see Find. of Fact, ¶ 7, the holder would be the person in possession, Mass.Gen.Laws ch. 106, § 1-201(20).

37.    Under subsection (ii) of Section 3-301, a nonholder may still enforce the note but in that case the nonholder must also be in possession of it. <u>See</u> Mass.Gen.Laws ch. 106, § 3-301(ii).

38.    Under subsection (iii) of Section 3-301, a person who is not in possession of the note may enforce it if he may do so under Sections 3-309(lost or stolen notes) or 3-418(d)(payment by mistake). <u>See</u> Mass.Gen.Laws ch. 106, § 3-301(iii). Subsection (iii) is not applicable because neither Section 3-309 nor 3-418(d) apply in this case.

39.    Whether considering subsection (i) or (ii) of Section 3-301, only a party that has possession of the Note will be able to enforce it. <u>See</u> Mass.Gen.Laws ch. 106, § 3-301(i)(possession required) and (ii)(possession required).

40.    The original Note is in the custody of Prince Lobel. <u>See</u> Find. of Fact, ¶ 18.

41.    Although Prince Lobel is representing PAM on its Motion, Prince Lobel's custody of the Note is solely as the agent of Lehman. <u>See</u> <u>id.</u>

42.    Where a thing is located in the hands of a servant for the benefit of his master, the servant has custody but the master has possession. <u>See</u> <u>New England Box Co. v C&R Const. Co.</u>, 313 Mass. 696, 709-10 (1943)(possession of a chattel means having physical control of a chattel with the intent to exercise control on one's own behalf or otherwise than as a servant on behalf of another); <u>Cf</u> <u>In re Jacobsen</u>, 402 B.R. 359, 369 (Bankr.W.D.Wash. 2009)(on a motion for relief from stay case, noting the difference between possession of a bearer note and merely having custody of it).

43.    Thus, the original Note is in the possession of Lehman, not PAM. <u>See</u> Find. of Fact, ¶¶ 18-20.

44.    Because PAM does not possess the Note and for that reason cannot enforce it under Section 3-301 of the UCC, it is not the real party in interest and does not have standing under the

Court's own prudential limitations. See In re Samuels, 415 B.R. 8, 20 (Bankr.D.Mass. 2009)(Bailey, J.)(where bearer note was basis of stay relief motion, analyzing movant's standing to enforce note under UCC); In re Wilhelm at 401-03 (denying motions for stay relief where moving parties failed to establish possession of the notes and ability to enforce them under the UCC); In re Jacobsen at 366 (holder of the note, not servicer, is real party in interest on a motion for relief from stay).

> **b.      PAM cannot enforce the Note because under Massachusetts foreclosure law it is not the valid holder of the Mortgage.**

45.     Only a person that holds the Mortgage may foreclose upon it. See U.S. Bank Nat'l Assn. v Ibanez, Nos. 384283, 386755, 2009 WL 3297551, at * 11 n. 51 (Mass.Land.Ct. Oct. 14, 2009)(where person who is not original mortgagee seeks to foreclose, it may not do so if it has not been first assigned the mortgage, because Section 14 of chapter 244 of the Massachusetts General Laws "requires the foreclosing party to be in possession of a valid assignment of the mortgage in recordable form at the time of notice and sale."); id. (Section 14 of Chapter 244 requirement that person seeking to foreclose must have his "estate in the land mortgaged" refers to a person (who is not the original mortgage) that has received a valid assignment of the mortgage).

46.     Under Massachusetts law, a party that seeks to foreclose that is not the original holder of the mortgage may not do so prior to receiving a *valid* assignment of it. See Ibanez at * 11 n. 51 (Section 14 of chapter 244 of the Massachusetts General Laws "requires the foreclosing party to be in possession of a *valid* assignment of the mortgage in recordable form at the time of notice and sale")(emphasis added); In re Hayes, 393 B.R. 259, 267 (Bankr.D.Mass. 2008)(Trust lacked standing as real party in interest because it failed to show that the mortgage had been assigned to

it); cf. Paine v Gobin, 288 Mass. 201 (1934)(foreclosure by person who no longer held mortgage was a nullity).

47.     In this case, PAM is not the original named lender, GE Money Bank, nor is it the "nominee" of the lender under the Mortgage. See Find. of Fact, ¶ 6, 10; Mortgage; Note.

48.     Its claim to the Mortgage is based upon MERS' execution of a written assignment of the Mortgage to it on April 30, 2008. See Find. of Fact, ¶¶ 15-16.

> **i.     MERS only held the Mortgage as the nominee for the Lender and had no rights to the mortgage itself.**

49.     As a "nominee" in the Mortgage, MERS could not act in anything other than a representative capacity or as an agent. See Landmark Nat'l Bank v Kesler, 216 P.3d 158, 166 (Kan. 2009)(citing cases for proposition that nominee possesses no rights beyond those given to it by its principal); Landmark Nat'l Bank v Kesler, 192 P.3d 177, 180 (Kan.App.)("[A] nominee represents the principal in only a 'nominal capacity' and does not receive any property or ownership rights of the person represented."), aff'd, 216 P.3d 158 (2009).

50.     MERS is nothing but a digital tracking service for the mortgage industry. See Find. of Fact, ¶21; Landmark Nat'l Bank v Kesler, 216 P.3d 158, 167 (Kan. 2009)(finding MERS is nothing more than a digital tracking service).

51.     Because MERS derived no economic benefit or right to payment, see Find. of Fact ¶ 14, its titular designation of "mortgagee" in the Mortgage  does not alter the fact that MERS could not act as anything other than in a representative capacity. See In re Sheridan, Case No. 08-20381, 2009 WL 631355 (Bankr.D.Idaho Mar. 12, 2009)(where MERS was called "beneficiary"

in the mortgage but was also a "nominee" and derived no economic benefit from the loan, it

could not act as anything other than in a representative capacity).

52.    A mortgagee under the law is the lender or one to whom the debt secured by the

mortgage is owed. <u>See, e.g.</u>, <u>Landmark Nat'l Bank v Kesler</u>, 216 P.3d 158, 166 (Kan.

2009)("The law generally understands that a mortgagee is not distinct from a lender: a mortgagee

is "[o]ne to whom property is mortgaged: the mortgage creditor, or lender.")(quoting Black's

Law Dictionary 1034 (8th ed.2004)); <u>Maglione v BankBoston Mtg. Corp.</u>, 29 Mass.App.Ct. 88,

90 (1990)(title in the mortgage is "defeasible" and "an off-shoot of the underlying debt"); <u>id.</u> (the

mortgage has no meaning without reference to the underlying debt and the "[t]he vesting of legal

title in the mortgage is to secure the debt owed by the mortgagor."); Mass.Gen.Laws ch. 183, §

20 (mortgagee has no power to foreclose if the underlying debt has been paid because at that

point, mortgage and note become void)(cited by <u>Maglione</u> at 90).

53.    Because MERS was not entitled to any payments under the Mortgage or Note and was

not a creditor it could not have been the mortgagee in its own right but only the holder of the

Mortgage for the actual creditor. <u>See In re Sullivan</u>, 387 B.R. 353, 358 (1st Cir. B.A.P. 2008)("In

Massachusetts, a mortgagee is given a lien to secure the performance of an obligation or the

payment of money . . . ."). <u>See also</u> <u>Carpenter v Longan</u>, 83 U.S. 271 (1872)(mortgage and note

cannot have a separate existence; the debt is essential and the mortgage is only incidental to it);

<u>Morris v Bacon</u>, 123 Mass. 58, 59 (1877)(where mortgage given as security for note and note but

not mortgage subsequently transferred to transferee, and where duplicate of said note was

thereafter transferred fraudulently to a separate person, the mortgage was held in trust for the

transferee of the original note); <u>see also</u> <u>In re Vargas</u>, 396 B.R. 511, 516-17

(Bankr.C.D.Cal.2008).

54.    If MERS were the mortgagee, then other statutory requirements in Massachusetts

pertaining to mortgagees would make no sense. Maglione at 90-91 (noting that mortgagees are

liable in tort if upon payment of note by mortgagor, mortgagee does not discharge note and

mortgage under Mass.Gen.Laws ch. 183, § 55)(also noting mortgagees have a right to enter land

prior to exercising a power of sale because in Massachusetts they hold the mortgage under "title

theory" rather than "lien theory").

55.    Furthermore it is indisputable that in Massachusetts, the equitable right to the mortgage

securing a note always travels with the note. See First Nat. Bank of Cape Cod v. North Adams

Hoosac Sav. Bank,  7 Mass.App.Ct. 790, 796, (Mass.App., 1979)("It has long been held in this

Commonwealth that the transfer of a note which is secured by a mortgage is a valid transaction

with legal title to the mortgage document remaining with the mortgagee in trust for the purchaser

of the note who can thereafter enforce in equity an assignment of the mortgage.").

56.    Holder of a mortgage is "one to whom property is mortgaged; the mortgage *creditor* or

*lender*."  In re Nosek, 386 B.R. 374, 380 (Bankr.D.Mass. 2008)(quoting BLACK'S LAW

DICTIONARY, 1034 (8th ed. 2004)), aff'd in part, rev'd in part, 406 B.R. 434 (D.Mass.2009).

57.    For all the above reasons, MERS was not the mortgagee but merely the holder of the

Mortgage as nominee for the lender or its successors.

> **ii.    Because MERS was merely the nominee holder of the
> Mortgage, it could not have effected a valid assignment
> of the Mortgage on April 30, 2008 without authorization
> by the holder of the Note.**

58.    Nothing in the Mortgage gives MERS as nominee the right to assign the Mortgage to

anyone. See, e.g., In re Wilhelm at 397, 404 (Bankr.D.Idaho 2009)(language in mortgage naming

MERS as "nominal beneficiary" does not expressly or implicitly authorize MERS as nominee to

transfer either the note or the mortgage).

59.     Thus, in order to have validly assigned the Mortgage to PAM, MERS as nominee must

have had authorization from its principal, the person who was the lender on April 30, 2008,

which is the date of the assignment. See, e.g., In re Vargas at 517 ("MERS presents no evidence .

. . of any authorization to act on behalf of the present owner."); See also In re Wilhelm at 404

(citing Saxon Mortgage Servs. v Hillery, NO. C-08-4357EMC, 2008 WL 5170180 (N.D.Cal.

Dec. 9, 2008), Bellistri v Ocwen Loan Servicing, LLC, 284 S.W.3d 619 (Mo.App. 2009), In re

Vargas, 396 B.R. 511 (Bankr.C.D.Cal. 2008); cf. In re Hwang, 396 B.R. 757, 761

(Bankr.C.D.Cal. 2008)(noting that MERS' assignment of the Mortgage to IndyMac, which was

the *holder* of the Note at the time of the assignment, was effective and deprived MERS of any

further interest in the loan).

> ### iii.     There is no evidence that the holder of the Note on April 30, 2008 authorized the assignment to PAM.

60.     PAM submitted testimony that on April 30, 2008, Aurora Bank FSB/Lehman Bank FSB

was the holder of the Note. See Find.of Fact, ¶ 9.

61.     If this is true, there is still no evidence in the record that Aurora Bank FSB/Lehman Bank

FSB authorized MERS to assign the Mortgage to PAM such as by power of attorney. See In re

Vargas, 396 B.R. 511 (Bankr.C.D.Cal.2008) ("[I]f FHM has transferred the note, MERS is no

longer an authorized agent of the holder unless it has a separate agency contract with the new

undisclosed principal. MERS presents no evidence as to who owns the note, or of any

authorization to act on behalf of the present owner.").

62.    As a result, MERS' assignment to PAM on April 30, 2008 was a nullity and PAM is not

the holder of the Mortgage. See Ibanez at * 11 n. 51 (before sale, foreclosing party must be "in

possession of a *valid* assignment of the mortgage in recordable form at the time of notice and

sale.")(emphasis added). See also In re Wilhelm at 404 (citing Bellistri at 623, Saxon Mortgage

at * 5, and In re Vargas at 517). See also In re Vargas at 517; Landmark Nat'l Bank v Kesler,

216 P.3d 158, 167 (Kan. 2009).

> **iv.    Because a valid assignment of the Mortgage to PAM did
> not take place and PAM does not hold the Mortgage, it
> lacks standing to foreclose.**

63.    For a party seeking to foreclose to show standing, it must establish that it is the holder of

both the note *and* the mortgage. See, e.g., In re Foreclosure Cases, 521 F.Supp.2d 650, 653

(N.D.Ohio 2007); Everhome Mtg. Co. v Rowland, NO. 07AP-615, 2008 WL 747698, at * 3

(Ohio App. Mar. 20, 2008)(in foreclosure actions, real part in interest is the holder of the note

and the mortgage); see also Bayview Loan Servicing LLC v Nelson, 890 N.E.2d 940 (Ill.App.

2008); Davenport v HSBC Bank, 739 N.W.2d 383 (Mich.App. 2007); Fleet Nat'l Bank v

Nazareth, 818 A.2d 69 (Conn.App. 2003); Jeff-Ray Corp. v Jacobson, 566 So.2d 885 (Fla.App.

1990); Marianna & B.R. Co. v Maund, 56 So. 670 (Fla. 1911); Moore v Carlson, 128 N.W. 578

(Minn. 1910).

64.    Because PAM has not received a *valid* assignment of the Mortgage, it cannot enforce the

Note and has no right to foreclose under Massachusetts law. See, e.g., In re Hayes at 267

(Trustee of securitization pool lacked standing as real party in interest because it failed to show

that the mortgage had been assigned to the trust or the depositor under a pooling and servicing

agreement).

**2.      Because it has no right to payment and derives no economic benefit from the Note or Mortgage, PAM does not have prudential standing.**

65.      PAM has no right to seek payment under the Note. <u>See</u> Part II.C.1., <u>supra</u>.

66.      As a result, it does not satisfy the first two prongs for prudential standing, <u>see</u> Part II.D,

and is not the real party in interest. <u>See</u> <u>In re Sheridan</u>, Case No. 08-20381, 2009 WL 631355

(Bankr.D.Idaho Mar. 12, 2009)(MERS did not have standing because no economic benefit under

the mortgage or note); <u>In re Jacobson</u>, 402 B.R. 359, 367 (Bankr.W.D.Wash. 2009)(even if

servicer brings motion for relief from stay for holder of note, it is holder that is real party in

interest because servicer does not derive any economic benefit from note; therefore servicer

lacks prudential standing); <u>In re Wilhelm</u>, 407 B.R. 392 (Bankr.D.Idaho 2009)(requiring movant

to show both that it has the power to enforce the note and an interest in the note to have

prudential standing).

**3.      Even if PAM could enforce the obligation owned by another, that alone would not transform it into a real party in interest for the purpose of establishing prudential standing if it lacks beneficial ownership rights in the Note.**

67.      PAM has no beneficial ownership rights to the underlying debt in this case. <u>See</u> Find.of

Fact, ¶ 20.

68.      Even if a moving party itself can show that it may enforce a Note under the UCC because

it is a holder of a Note that is endorsed in blank, <u>see</u> Mass.Gen.Laws ch. 106, §§ 1-201, 3-301, it

still will have no standing to seek relief from stay unless it joins the beneficial owner of the Note.

<u>See, e.g.,</u> <u>In re Hayes</u> at 268 (A movant on a stay relief motion that fails to trace the transfers of

the beneficial ownership in the note to the moving party fails to establish standing as the real

party in interest)(citing cases). <u>See also</u> <u>In re Jacobsen</u> at 367 (citing <u>In re Hayes</u> and <u>In re Parrish</u>, 326 B.R. 708, 720-21 (Bank.N.D. Ohio 2005)).

69.     Because PAM has not joined anyone, its failure to show that it has any ownership rights in the Note results in lack of prudential standing to seek relief from stay.

70.     Because PAM does not have constitutional standing and because it is does not have prudential standing as the "real party in interest," the only question left for the Court is whether its motion for relief was brought in a representative capacity for the real party in interest under Rule 17 of the Federal Rules of Civil Procedure or whether it joined the necessary party to the action under Rule 17 and Rule 19 of the Federal Rules of Civil Procedure. Because the answer to both questions is no, the Motion must be denied.

### E.      PAM's Motion was not brought in a representative capacity for Lehman.

### 1.      Rule 17 of the Federal Rules of Civil Procedure

71.     According to Rule 17of the Federal Rules of Civil Procedure:

>       The following may sue in their own names without joining the person for whose benefit the action is brought:
>               (A) an executor;
>               (B) an administrator;
>               (C) a guardian;
>               (D) a bailee;
>               (E) a trustee of an express trust;
>               (F) a party with whom or in whose name a contract has been made for another's benefit; and
>               (G) a party authorized by statute.

Fed.R.Civ.P. 17(a).

72.     Federal Rule 17 is  applicable to this stay relief motion. <u>See</u> Fed.R.Bankr.P. 7017

(making Fed.R.Civ.P. 17 applicable in adversary proceedings); Contested Matter Pre Hearing

Order dated Jan. 13, 2010("All Federal Rules of Bankruptcy Procedure applicable to adversary

proceedings shall apply in this contested matter."); Fed.R.Bankr.P. 9014(c)(Fed.R.Bankr.P. 7017

applicable in contested matters); Fed.R.Banrk.P. 9014, Adv.Comm. Notes for 2002 Amend; <u>In re</u>

<u>Hwang</u>, 396 B.R. 757, 766 (Bank.C.D. Cal.2008).

73.     One of the purposes of this Rule is to protect the defendant from being subject to

subsequent actions by the true party in interest that does have standing. <u>See</u>  Fed.R.Civ.P. 17,

Adv. Comm. Notes, 1966 Amend. (purpose of Rule 17 is "to protect the defendant against a

subsequent action by the party actually entitled to recover, and to insure generally that the

judgment will have its proper effect as res judicata.").

74.     Rule 17 is also related to the necessary joinder rule of Rule 19 of the Federal Rules of

Civil Procedure. <u>See</u> <u>In re Hwang</u> at 770 ("Rule 17 must be interpreted together with Rule 19,

which requires the joinder of parties in appropriate circumstances.").

75.     Thus, if a party sues and is not the real party in interest, if it is one of the enumerated

entities in Rule 17, it may file its suit in a representative capacity on behalf of the real party in

interest. Otherwise, it must join the real party in interest as a necessary party. <u>See</u> Fed.R.Civ.P.

17(a); Fed.R.Civ.P. 19.

> **2.      PAM's Motion is not brought on behalf of Lehman but rather on
> behalf of itself as the "secured creditor" and PAM has not joined
> Lehman as a necessary party.**

76.     PAM has not brought the Motion on behalf of anyone else or named any other entity in

its Motion that may be entitled to relief. <u>See</u> Find. of Fact, ¶ 1.

21

77.     Because of this it cannot now claim to be acting in a representative capacity for Lehman.

See, e.g., In re Jacobsen at 366 (even if servicer has capacity to *file* motion for relief from stay, it

is the *creditor* or *holder* of the note that is the real party in interest and which must be the

moving party and so identified in the papers and in the electronic docketing done by

counsel)(emphasis added).[4]

78.     In addition, it has not joined Lehman under Rule 17 as a necessary party and Lehman has

never been a party in this case. See Find. of Fact, ¶¶ 4-5.

79.     Because PAM has neither filed its motion on behalf of Lehman nor joined Lehman as a

necessary party under Rule 17, its motion must be dismissed because PAM lacks standing. See,

e.g., In re Hwang, 396 B.R. 757 (Bankr.C.D.Cal. 2008)(denying motion for stay relief by party

that was not real party in interest because it did not join owner of the note under Rules 17 and

19).

### 3.      Even if it had wanted to, PAM could not have brought suit on behalf of Lehman in a representative capacity because it is not any of the enumerated entities authorized to do so under Rule 17.

80.     Even if it had brought the action on behalf of Lehman in its Motion, PAM could not do

so under Rule 17 because it is not any of the enumerated entities in Rule 17 that are permitted to

file an action on behalf of another as its representative.  See Fed.R.Civ.P. 17(a)(1)(A)-(G).

81.      To the extent PAM claims the ability to prosecute the action on behalf of its parent,

Lehman, as Lehman's agent, it may not do so. Under Massachusetts law, parent and subsidiary

corporations are separate and distinct legal entities. See United Elec., Radio & Mach. Workers of

---

[4] The Court also notes that it has previously taken action to foreclose the Mortgage in its own name and not in a representative capacity for Lehman. See Find. of Fact, ¶ 23.

America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1091 (1st Cir.1992); Berger v. H.P. Hood, Inc., 416 Mass. 652, 657-58 (1993).[5]

### F.    Lehman is not a party to these proceedings.

82.    PAM has not joined Lehman to its Motion as the real party in interest under Rule 17 and Lehman is not a party to this action. See Find. of Fact, ¶¶ 4-5.

83.    Because PAM did not join Lehman as the real party in interest and because did not and could not have brought its Motion in a representative capacity on behalf of Lehman, its Motion must be denied.

### G.    PAM cannot attempt to amend its Motion *nunc pro tunc* or bring Lehman in as a party now because the evidence is closed.

84.    PAM cannot attempt to either amend its Motion to state it is brought on behalf of Lehman as its representative or move to join Lehman now to remedy its standing problem. See Ibanez at * 2("Lawsuits are a serious matter and are not a place for 'do-overs.' When a point is in issue, a litigant cannot wait for the court's decision and, if dissatisfied, amend its pleadings to remove that issue.")(citing to Johnston v Box, 453 Mass. 569 (2009)).

85.    To permit it to do so after the evidentiary hearing and after all the evidence is closed would be to deprive the Debtor of notice and due process.

For the reasons below, even if PAM had joined Lehman as a necessary party, its Motion would still be futile.

---

[5] Moreover, PAM is not even directly owned by Lehman but only indirectly owned. See Find. of Fact, ¶ 22.

**H.    Even if PAM could act in a representative capacity for Lehman in its Motion or Lehman was a party to this case, the Motion would still be futile because Lehman is not a real party in interest.**

**1.    Lehman is not the holder of the Mortgage.**

86.    Lehman is not the holder of the Mortgage under the terms of the Mortgage, <u>see</u> Find. of Fact, ¶ 10, and has never been assigned the Mortgage, <u>see</u> Find. of Fact, ¶ 24.

87.    One can become the holder of a mortgage only by a writing that satisfies the statute of frauds, such as a written assignment.  See <u>U.S. Bank Nat'l Assn. v Ibanez</u>, Nos. 384283, 386018, 386755, 2009 WL 795201, at * 5 n. 19 (Mass.Land.Ct. Mar. 26, 2009); Mass.Gen.Laws ch. 259, § 1; <u>In re Hayes</u> at 267 ("Under Massachusetts law, a mortgage is an interest in real estate in the mortgaged premises.").

88.    Because no written assignment to Lehman exists, Lehman cannot be the holder of it.

**2.    Lehman cannot enforce the Note because it is not the holder of the Mortgage.**

89.    Only a person that holds a mortgage may foreclose and enforce the underlying note. See <u>U.S. Bank Nat'l Assn. v Ibanez</u>, 2009 WL 3297551, at * 11 n. 51 (Mass.Land.Ct. Oct. 14, 2009)(where person who is not original mortgagee seeks to foreclose, it may not do so if it has not been first assigned the mortgage, because Section 14 of chapter 244 of the Massachusetts General Laws "requires the foreclosing party to be in possession of a valid assignment of the mortgage in recordable form at the time of notice and sale).

90.    Under Massachusetts law, a party that seeks to foreclose that is not the original holder of the mortgage may not do so prior to being assigned the mortgage. See <u>U.S. Bank Nat'l Assn. v Ibanez</u>, 2009 WL 3297551, at * 11 (Mass.Land.Ct. Oct. 14, 2009)(valid transfer of note does not automatically transfer the mortgage securing it, and transferee holds mere equitable right to

assignment from current holder)(although recording of assignment of mortgage is not required

by time of foreclosure sale, written assignment to party foreclosing is required by that time).

91.     Because there is no assignment of the Mortgage to Lehman, even though Lehman has

possession of the Note and can theoretically enforce it under the UCC, it still is not the real party

in interest because it does not hold the Mortgage. See, e.g., In re Hayes, 393 B.R. 259, 267

(Bankr.D.Mass. 2008)(Trustee of securitization pool lacked standing to represent trust as real

party in interest because it failed to show that the mortgage had been assigned to the trust or the

depositor under a pooling and servicing agreement); U.S. Bank Nat'l Assn. v Ibanez, 2009 WL

3297551, at * 11 (Mass.Land.Ct. Oct. 14, 2009).

92.     Thus, Lehman is also not the real party in interest. See analysis in Part II.D.1.b.iv.

> **I.      Even if PAM could act in a representative capacity for Lehman in its
> Motion or Lehman was a party to this case, the Motion would still be futile
> because there has been no evidence of default causing injury to Lehman.**

93.     PAM never introduced any evidence of the Debtor's default under the Note. See Find. of

Fact, ¶ 8.

94.     Without a showing that the Debtor defaulted under the Note, Lehman would be unable to

show any constitutional injury even if it were entitled to payments and in possession of the Note.

See, e.g., analysis in Part II.C.2.

95.     As a result, Lehman would not be the proper party to join in the action for this reason as

well.

96.     For the reasons given above, the Court lacks subject matter jurisdiction and the Motion is

denied.[6]

                                                    Respectfully submitted,
                                                    THE DEBTOR,


                                        By:     /s/ *Sara Discepolo, Esq.*
                                                Sara Discepolo, Esq.
                                                1050 Winter Street
                                                Suite 1000
            `                                   Waltham MA 02451
                                                Tel 617-549-4537
                                                BBO # 628721
                                                His Attorney


        Dated: April 12, 2010

                            CERTIFICATE OF SERVICE

I, Sara Discepolo, certify that on this day, April 12, 2010, on behalf of the Debtor, I served a
copy of the foregoing Proposed Findings of Fact and Conclusions of Law, on the Defendant,
Property Asset Management, Inc., by filing said documents via the Court's CM/ECF system,
generating a Notice of Electronic filing upon the following ECF registered user:


R. Briansky, Esq. (representing Defendant Property Asset Management, Inc.)
Prince Lobel Glovsky & Tye LLP
100 Cambridge Street, Suite 2200
Boston MA 02114


                                                    /s/ *Sara Discepolo*_____

---

[6] The cases cited by PAM do not change the result. None of the cases holding that MERS may foreclose discuss
MERS' lack of *constitutional* standing, analyze whether MERS is a real party in interest under Rule 17 of the Federal
Rules of Civil Procedure, and/or consider its prudential standing in federal court.  Moreover, PAM is not MERS, the
nominee holder of the Mortgage under the Mortgage.